# In the United States Court of Federal Claims

No. 18-1579T

Filed: August 20, 2019

| | |
|---|---|
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* |
| LAMAR ELLIS, | \* |
| Plaintiff, | \* |
| v. | \* Pro Se Plaintiff; Subject-Matter Jurisdiction; Motion to Dismiss; Tax; Tax Refund. |
| UNITED STATES, | \* |
| Defendant. | \* |
| \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* | \* |

**Lamar Ellis**, pro se, Brea, CA.

**Margaret E. Sheer**, Trial Attorney, Court of Federal Claims Section, Tax Division, United States Department of Justice, Washington, D.C., for defendant. With her were **G. Robson Stewart**, Assistant Chief, Court of Federal Claims Section, Tax Division, **David I. Pincus**, Chief, Court of Federal Claims Section, Tax Division, and **Richard E. Zuckerman**, Principal Deputy Assistant Attorney General, Tax Division.

## OPINION

**HORN, J.**

### FINDINGS OF FACT

On October 4, 2018, pro se plaintiff Lamar Ellis filed a complaint in this court in the above-captioned case. On the same day, October 4, 2018, plaintiff filed an application to proceed in forma pauperis. Plaintiff's complaint requests this court "to honor Lamar Ellis's payment entitlement;" that the Internal Revenue Service (IRS) dismiss various frivolous filing charges allegedly incurred by plaintiff from 2012-2018;[1] and that plaintiff's 1040X amended returns for the 1998 tax year, filed on May 22, 2017, be recognized as timely.

Plaintiff alleges in his complaint that he is personally owed an overpayment of $97,753,836.00 for the 1998 tax year, and that an unrepresented plaintiff, Energetic Psychoanalytic Institute and Training School (Energetic, Inc.), is owed an overpayment of $969,840,266.00 for the 1998 tax year.

According to exhibits attached to plaintiff's complaint, pro se plaintiff Lamar Ellis, Mrs. Gertrude E. Ellis, and Evette Mitchell incorporated Energetic, Inc. on August 30,

---

[1] Plaintiff has not provided this court with documentation of these alleged charges, although plaintiff continued to file documents which are exact copies of previous filings or which are unrelated to the above captioned case.

1979. According to plaintiff's submissions to this court, prior to January of 1992, plaintiff also created a revocable trust.[2] Both Energetic, Inc. and Lamar Ellis (Trust) are listed as plaintiffs on the original complaint, but in the supplements to the complaint filed by plaintiff, only "Lamar Ellis" is named as a plaintiff. According to exhibits submitted with plaintiff's complaint, Energetic, Inc. was created to "engage in medical research, investigations, experiments, and studies to discover, develop, or verify knowledge relating to the causes, diagnosis, treatment, prevention, or control of the physical or mental diseases and impairments of man." According to plaintiff's complaint, in August of 1980, Energetic, Inc. was recognized as exempt from federal income tax under 26 U.S.C. § 501(c)(3) and classified as "a private foundation within the meaning of section 509(a) of the Code." Documents submitted by the defendant indicate that this status was revoked by the IRS in 2005.

On May 22, 2017, plaintiff filed a tax refund claim for 1998 requesting an overpayment of $969,840,266.00 for Energetic, Inc. and, separately, $97,753,836.00 for his personal return.[3] According to exhibits attached to plaintiff's complaint, on August 22, 2017, the IRS denied plaintiff's claim because it was filed more than "three years after the due date of the tax return," and that plaintiff based his claim on a "frivolous position." Plaintiff appealed this decision to the IRS Appeals Office, which also determined on January 3, 2018, that plaintiff's refund was "not filed timely" pursuant to 26 U.S.C. § 6511 (2018). According to a February 13, 2018 letter from an IRS Appeals Officer, submitted with plaintiff's complaint, plaintiff attempted to submit supplemental material to the IRS to try to support his claim, but the IRS Appeals Officer determined that "[t]he documentation provided does not meet the exceptions to [26 U.S.C.] § 6511. Therefore, there is no basis to allow any part of your claim." According to the February 13, 2018 letter from the IRS Appeals Officer denying plaintiff's appeal, if plaintiff disagreed with the determination of the IRS and wished to appeal the determination, he "must file the suit within two-years from the date on the letter denying your claim, which the Austin IRS Campus mailed to

---

[2] Plaintiff provided no documentation as to the creation or dissolution of this trust. Throughout plaintiff's complaint and supplemental materials, the "trust" is referred to with multiple different spellings and stylizations. For consistency, it will be referred to as "Lamar Ellis (Trust)" in this Opinion. In addition, capitalization, grammar, punctuation, and other errors quoted in this Opinion are as they originally appear in Mr. Ellis' submissions to this court.

[3] According to the IRS' transcript for the 1998 tax year, titled IRS' Certificate of Official Record, which was dated November 1, 2018 and prepared by the IRS, and submitted by defendant as an exhibit to defendant's motion to dismiss, the earliest received filing for 1998 tax year is an amended return dated February 22, 2009. According to the IRS' transcript for the 1998 tax year, plaintiff filed eight amended returns for the 1998 tax year, with the claims being disallowed multiple times. As discussed below, plaintiff only submitted two of the amended returns for the 1998 tax year to the court. Moreover, along with the multiple amended returns, plaintiff submitted several miscellaneous forms for 1998 tax year, such as for non-cash donations.

2

you on August 22, 2017."[4] Thereafter, on October 4, 2018, plaintiff filed his complaint in this court.

Plaintiff does not clearly state why he believes he is entitled to the tax refund claim of $97,753,836.00, but plaintiff has included in his complaint what appears to be a printed and highlighted piece of paper with the phrase "7.27.15.4.1.1 (04-26-1999) Sale or Exchange." The piece of paper also refers to "Reg. 1.4941(d)-2(a)."[5] It appears as if plaintiff has handwritten the following at the top of said page: "9/30/2018: To whom it may concern, In The Tax Years 1996/1997, I Lamar Ellis, utilized Reg.53.4941(d)-2(b)(2), Leasing of Property To A Private Foundation HERE on page(s) 2 Part II, no. 15, And PAGE 9 PART XV, No. 16, 1999, 990 PF Return(s). (Lamar Ellis)." Plaintiff appears to have initialed next to a part of the text that reads:

> Leasing of property. The leasing of property between a disqualified person and a private foundation is considered self-dealing except when a disqualified person leases property to a foundation without charge. A lease is considered to be without charge even if the foundation is required to pay for utilities or maintenance costs incurred for use of the property, so long as the payment is not made to a disqualified party. Reg. 53.4941(d)-2(b)(2).

On February 11, 2019, the defendant moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) (2018) of the Rules of the United States Court of Federal Claims (RCFC). Defendant asserts this court lacks jurisdiction over plaintiff's tax refund claim as plaintiff did not request a refund in a timely fashion pursuant to 26 U.S.C. § 6511 and, therefore, defendant argues, plaintiff has "failed to establish that he has satisfied the jurisdictional prerequisites to maintain a tax refund suit in this Court." Defendant also argues that plaintiff does not meet this court's procedural requirements under RCFC 9(m) (2018) because plaintiff has not filed a "copy of any claims for refund," nor has plaintiff submitted any of the "statements required by Rule

---

[4] One of the parties plaintiff included in a supplemental filing is IRS Agent Jonathan Andrews, who was named as a defendant by plaintiff in Ellis v. Commissioner, but who was dismissed from the case by the United States District Court for the Southern District of California as plaintiff's claim against Agent Andrews was barred by sovereign immunity. See Ellis v. Comm'r, 2011 WL 1085648, at *1-2 (S.D. Cal. March 22, 2011). The District Court explained that "[t]he doctrine of sovereign immunity bars actions against federal officers in their official capacity. In such cases, the proper defendant, if any, is the United States." See Ellis v. Comm'r, 2011 WL 1085648, at *1 (citing Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985)).

[5] Although not cited by plaintiff, the Tax Code at 26 U.S.C. § 4941(d)(2)(C) (2018) states that "the furnishing of goods, services, or facilities by a disqualified person to a private foundation shall not be an act of self-dealing if the furnishing is without charge and if the goods, services, or facilities so furnished are used exclusively for purposes specified in [26 U.S.C. §] 501(c)(3)." 26 U.S.C. § 4941(d)(2)(C). Plaintiff has not provided this court evidence pertaining to the leasing of property, or the name of the private foundation to which he allegedly leased property.

9(m)(2)(B) for the tax year at issue." Plaintiff, without addressing the merits of defendant's motion to dismiss, filed a response to the motion to dismiss and argued:

> For the plaintiff (IRC) Reg. 53.494(d)-2(b)(2) may hinder the leasers ability to monitor his/her leased assets or to become aware of such things as theft or other losses.
>
> However, the plaintiff believes that in his complaints in this case, he is on "safe grounds" to point out to the court that the records show the theft, or conspiracy to commit theft by IRS agent JF, financial institutions DB, PF, AS, RB started against Energetic, Inc. in 1995 and exhausting Energetic, Inc. account on or about
>
> It is now believed that the tax years from 1995-1998 that the defendant addresses in its "Motion to Dismiss" are mainly the dates of deposits of Lamar Ellis asset, shown on his enclosed redacted 1993 tax return and schedules 1040/3800

In its reply to support the motion to dismiss, and to respond to the allegations raised in plaintiff's response, defendant notes that plaintiff "appears to allege that the theft or fraud was finalized in 2009.But again, and by his own allegation, the claim that forms the basis for this case was filed in the first half of 2017 and, pertained to tax year 1998." (internal citation and footnote omitted). Defendant points out that "[e]ven assuming Mr. Ellis filed his first return for tax year 1998 in 2009, as IRS records reflect, his window to file a timely refund claim for that year closed in 2012, pursuant to I.R.C. § 6511(a). His filings for other tax years do not satisfy the jurisdictional requirements for 1998." (internal citation and footnote omitted).

In plaintiff's supplement to his response to the motion to dismiss, plaintiff accuses several people of the "fraudulent act of taking over the Plaintiff's millions of dollars worth of Federal and State General Business Tax Credits." Plaintiff's subsequent filing included a letter from Dolores Ellis, plaintiff's spouse. This letter asserts that defendant's claim that the 1998 tax return in question "was not filed in a timely manner, is in error."[6] Plaintiff included another letter, from the IRS, dated December 22, 1999, that refers to a 1040X form and informs plaintiff that the IRS "adjusted your account under Dolores's social security number since she was listed as a primary taxpayer when your electronic filing was done."

Plaintiff has been involved in numerous previous suits regarding the purported assets of Energetic, Inc., in both Federal District Court and the United States Tax Court, all of which were dismissed or resolved without adjudication on the merits.[7] On June 22,

---

[6] Although the letter purports to be from "Dolores Ellis," Dolores Ellis did not sign this letter, and only plaintiff's signature appears to be on the letter.

[7] In Ellis v. Madoff, the United States District Court for the Southern District of California dismissed plaintiff's claim that Bernard L. Madoff Investment Securities LLC allegedly

4

2010, the United States sought a permanent injunction against Lamar Ellis, alleging that "Lamar Ellis promotes multiple tax fraud schemes in which he purports to give away, sell, or otherwise transfer billions of dollars of non-existent general business credits that he neither possesses nor can transfer." United States v. Ellis, Civ. No. 2:11-CV-05402-JAK at 1. On December 19, 2011, the United States District Court for the Central District of California entered into a default judgment and permanent injunction against the plaintiff, United States v. Ellis, Civ. No. 2:11-CV-05402-JAK at 2, and plaintiff's appeal was dismissed by the United States Court of Appeals for the Ninth Circuit because it was untimely. See United States v. Ellis, No. 12-55673, Dkt. 7 at 2 (9th Cir. 2012).

## DISCUSSION

The court recognizes that plaintiff is proceeding pro se. When determining whether a complaint filed by a pro se plaintiff is sufficient to invoke review by a court, a pro se plaintiff is entitled to a more liberal construction of the pro se plaintiff's pleadings. See Haines v. Kerner, 404 U.S. 519, 520-21 (requiring that allegations contained in a pro se complaint be held to "less stringent standards than formal pleadings drafted by lawyers"), reh'g denied, 405 U.S. 948 (1972); see also Erickson v. Pardus, 551 U.S. 89, 94 (2007); Hughes v. Rowe, 449 U.S. 5, 9-10 (1980); Estelle v. Gamble, 429 U.S. 97, 106 (1976), reh'g denied, 429 U.S. 1066 (1977); Matthews v. United States, 750 F.3d 1320, 1322 (Fed. Cir. 2014); Diamond v. United States, 115 Fed. Cl. 516, 524 (2014), aff'd, 603 F. App'x 947 (Fed. Cir.), cert. denied, 135 S. Ct. 1909 (2015). However, "there is no 'duty [on the part] of the trial court . . . to create a claim which [plaintiff] has not spelled out in his [or her] pleading . . . .'" Lengen v. United States, 100 Fed. Cl. 317, 328 (2011) (alterations in original) (quoting Scogin v. United States, 33 Fed. Cl. 285, 293 (1995) (quoting Clark v. Nat'l Travelers Life Ins. Co., 518 F.2d 1167, 1169 (6th Cir. 1975))); see also Bussie v. United States, 96 Fed. Cl. 89, 94, aff'd, 443 F. App'x 542 (Fed. Cir. 2011);

---

traded his assets without plaintiff's permission, even though, according to a letter from Bernard L. Madoff Investment Securities LLC, submitted by plaintiff to this court, plaintiff had no account with Bernard L. Madoff Investment Securities LLC. See generally Ellis v. Madoff, No. 10-CV-1295-H (JMA). The District Court for the Southern District of California dismissed the claim for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. See id.

Moreover, plaintiff was charged a $10,000.00 penalty "under Section 6702(a) of the Internal Revenue Code for Civil Penalty for Frivolous Tax Returns," for plaintiff's 2007 tax return, according to a letter from the IRS submitted in defendant's exhibits to the motion to dismiss. Plaintiff brought suit in both the United States District Court for the Southern District of California and the United States Tax Court seeking to quash the penalty assessed against plaintiff's 2007 tax refund claim. See Ellis v. Comm'r, No. 10cv251-IEG(BGS), 2011 WL 1085648, at *1 (S.D. Cal. March 22, 2011); See Petition at 1, Ellis v. Comm'r, No. 20352-10L (T.C. Sept. 28, 2011). The District Court for the Southern District of California dismissed the case for lack of subject matter jurisdiction because the claim was "untimely." Ellis v. Comm'r, 2011 WL 1085648, at *2. Plaintiff's claim in Tax Court was settled and the frivolous filing fees were waived. There was no adjudication as to the merits of plaintiff's claims.

5

Minehan v. United States, 75 Fed. Cl. 249, 253 (2007). "While a pro se plaintiff is held to a less stringent standard than that of a plaintiff represented by an attorney, the pro se plaintiff, nevertheless, bears the burden of establishing the Court's jurisdiction by a preponderance of the evidence." Riles v. United States, 93 Fed. Cl. 163, 165 (2010) (citing Hughes v. Rowe, 449 U.S. at 9; and Taylor v. United States, 303 F.3d 1357, 1359 (Fed. Cir.), reh'g and reh'g en banc denied (Fed. Cir. 2002)); see also Golden v. United States, 129 Fed. Cl. 630, 637 (2016); Shelkofsky v. United States, 119 Fed. Cl. 133, 139 (2014) ("[W]hile the court may excuse ambiguities in a pro se plaintiff's complaint, the court 'does not excuse [a complaint's] failures.'" (quoting Henke v. United States, 60 F.3d 795, 799 (Fed. Cir. 1995))); Harris v. United States, 113 Fed. Cl. 290, 292 (2013) ("Although plaintiff's pleadings are held to a less stringent standard, such leniency 'with respect to mere formalities does not relieve the burden to meet jurisdictional requirements.'" (quoting Minehan v. United States, 75 Fed. Cl. at 253)).

As indicated above, plaintiff filed his original complaint in this court on October 4, 2018. As also noted above, on February 11, 2019, defendant moved to dismiss plaintiff's claim based on lack of subject matter jurisdiction. "Subject-matter jurisdiction may be challenged at any time by the parties or by the court sua sponte." Folden v. United States, 379 F.3d 1344, 1354 (Fed. Cir. 2004) (citing Fanning, Phillips & Molnar v. West, 160 F.3d 717, 720 (Fed. Cir. 1998)), reh'g and reh'g en banc denied (Fed. Cir. 2004), cert. denied, 545 U.S. 1127 (2005); see also Int'l Elec. Tech. Corp. v. Hughes Aircraft Co., 476 F.3d 1329, 1330 (Fed. Cir. 2007).

"Determination of jurisdiction starts with the complaint, which must be well-pleaded in that it must state the necessary elements of the plaintiff's claim, independent of any defense that may be interposed." Holley v. United States, 124 F.3d 1462, 1465 (Fed. Cir.) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1 (1983)), reh'g denied (Fed. Cir. 1997); see also Klamath Tribe Claims Comm. v. United States, 97 Fed. Cl. 203, 208 (2011); Gonzalez-McCaulley Inv. Grp., Inc. v. United States, 93 Fed. Cl. 710, 713 (2010). A plaintiff need only state in the complaint "a short and plain statement of the grounds for the court's jurisdiction," and "a short and plain statement of the claim showing that the pleader is entitled to relief." RCFC 8(a)(1), (2) (2018); Fed. R. Civ. P. 8(a)(1), (2) (2019); see also Ashcroft v. Iqbal, 556 U.S. at 677-78 (citing Bell Atl. Corp. v. Twombly, 550 U.S. at 555-57, 570). To properly state a claim for relief, "[c]onclusory allegations of law and unwarranted inferences of fact do not suffice to support a claim." Bradley v. Chiron Corp., 136 F.3d 1317, 1322 (Fed. Cir. 1998); see also McZeal v. Sprint Nextel Corp., 501 F.3d 1354, 1363 n.9 (Fed. Cir. 2007) (Dyk, J., concurring in part, dissenting in part) (quoting C. WRIGHT AND A. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1286 (3d ed. 2004)); Briscoe v. LaHue, 663 F.2d 713, 723 (7th Cir. 1981) ("[C]onclusory allegations unsupported by any factual assertions will not withstand a motion to dismiss."), aff'd, 460 U.S. 325 (1983). "A plaintiff's factual allegations must 'raise a right to relief above the speculative level' and cross 'the line from conceivable to plausible.'" Three S Consulting v. United States, 104 Fed. Cl. 510, 523 (2012) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555), aff'd, 562 F. App'x 964 (Fed. Cir.), reh'g denied (Fed. Cir. 2014). As stated in Ashcroft v. Iqbal, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' 550 U.S. at 555. Nor does a

complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" Ashcroft v. Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. at 555).

Defendant, in its motion to dismiss, argues that plaintiff's complaint "fails to comply" with the requirements of RCFC 9(m). RCFC 9(m) states that:

In pleading a claim for a tax refund, a party must:

(1) file the pleading under seal along with a redacted version of the pleading that conforms to RCFC 5.2; and

(2) include:

(A) a copy of the claim for refund, and

(B) a statement identifying:

(i) the tax year(s) for which a refund is sought;

(ii) the amount, date, and place of each payment to be refunded;

(iii) the date and place the return was filed, if any;

(iv) the name, address, and identification number of the taxpayer(s) appearing on the return;

(v) the date and place the claim for refund was filed; and

(vi) the identification number of each plaintiff, if different from the identification number of the taxpayer.

RCFC 9(m). The requirements of RCFC 9(m) detail the "jurisdictional prerequisites" for maintaining a tax refund claim in this court. See Simmons v. United States, 127 Fed. Cl. 153, 160, (2016); see also Jackson v. United States, 143 Fed. Cl. 242, 246 (2019) (holding that if a plaintiff fails to satisfy RCFC 9(m), this court "lacks jurisdiction" to hear a tax refund suit). Plaintiff's complaint requests a personal tax refund of $97,753,836.00 for the 1998 tax year. Plaintiff, however, has not provided a proper tax return for the year in question. The IRS' transcript for the 1998 tax year reveal the earliest received filing for 1998 tax year is an amended return dated February 22, 2009. In plaintiff's submissions, however, plaintiff attached a letter from the IRS dated December 22, 1999 informing plaintiff that a 1040X in 1998 was adjusted "under Dolores Ellis' social security number since she was listed as a primary taxpayer when your electronic filing was done." Plaintiff asserts that this is proof of the tax refund for 1998 having been filed in a timely fashion. This purported December 22, 1999 letter from the IRS is not reflected in the IRS' transcript for the 1998 tax year. It also does not appear that plaintiff has submitted to this court the 1040X for the 1998 tax year filed under Dolores Ellis' social security number that is referenced in the December 22, 1999 IRS letter submitted in plaintiff's filings. The two separate Forms 1040X that plaintiff has filed with this court are of plaintiff filing as a "single" taxpayer and plaintiff filing a joint tax return with Energetic Inc. There is no mention of Dolores Ellis on either of the two separate Forms 1040X plaintiff has submitted

7

to the court. Both 1040X forms are unclear as to their grounds for requesting a refund, and do not state when they were filed with the IRS.

As noted above, the IRS' transcript reflects that plaintiff submitted eight different amended returns for the 1998 tax year. It is unclear which of those eight different amended returns is at issue before this court when looking at the two forms plaintiff submitted. Even if the forms provided by plaintiff were clear, plaintiff himself has handwritten on the form that: "Caution! 12/5/18 Lamar Ellis believes this page to be a true copy of the original, but will not guarantee it, since it was probably done by a Legal/acct from." On his 1040X for the 1998 tax year filed jointly with Energetic, Inc., plaintiff has handwritten on the tax form "Caution! 12/5/18 Lamar Ellis believes this page to be a true copy of the original, but will not guarantee it, since it may have been prepared by outside entity!" Plaintiff, by his own admission, therefore, has not met the requirements of RCFC 9(m) because plaintiff has not provided this court with a proper copy of the claim for refund. See RCFC 9(m)(2)(A). Accordingly, plaintiff fails to meet the jurisdictional requirements for filing a tax refund lawsuit in this court. See Jackson v. United States, 143 Fed. Cl. at 246.

Even if the court were to consider plaintiff's complaint as complying with RCFC 9(m), which it does not, defendant argues the statute of limitations has expired for plaintiff's tax refund claim for the 1998 tax year. The United States Supreme Court has indicated that:

> A taxpayer seeking a refund of taxes erroneously or unlawfully assessed or collected may bring an action against the Government either in United States district court or in the United States Court of Federal Claims. The Internal Revenue Code specifies that before doing so, the taxpayer must comply with the tax refund scheme established in the Code. That scheme provides that a claim for a refund must be filed with the Internal Revenue Service (IRS) before suit can be brought, and establishes strict timeframes for filing such a claim.

United States v. Clintwood Elkhorn Mining Co., 553 U.S. 1, 4 (2008) (citations omitted); see also United States v. Dalm, 494 U.S. 596, 609-10, reh'g denied, 495 U.S. 941 (1990); RadioShack Corp. v. United States, 566 F.3d at 1360 ("[I]n the context of tax refund suits, the [United States Supreme] Court has held that the Court of Federal Claims' Tucker Act jurisdiction is limited by the Internal Revenue Code, including 26 U.S.C. § 7422(a).");[8]

---

[8] Before filing a tax refund claim in federal court, a plaintiff is required to file a claim with the IRS for the amount of the alleged refund, pursuant to 26 U.S.C. § 7422(a) (2018), which states:

> No suit or proceeding shall be maintained in any court for the recovery of any internal revenue tax alleged to have been erroneously or illegally assessed or collected, or of any penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any

8

Computervision Corp. v. United States, 445 F.3d 1355, 1363 (Fed. Cir.), reh'g and reh'g en banc denied, 467 F.3d 1322 (Fed. Cir. 2006), cert. denied, 549 U.S. 1338 (2007); Kiselis v. United States, 131 Fed. Cl. 54, 60 (2017) ("To establish jurisdiction, Plaintiff must establish that he filed an administrative refund claim with the IRS prior to filing suit in this Court."); Fremuth v. United States, 129 Fed. Cl. 684, 688 (2016) ("This Court's exercise of [tax refund] jurisdiction is subject, however, to several statutory and jurisprudential prerequisites."); Smith v. United States, 111 Fed. Cl. 740, 743 (2013) (noting that Congress intended for 26 U.S.C. § 7422(a) to apply broadly); Dumont v. United States, 85 Fed. Cl. 425, 428 ("To recover under the Tucker Act, a plaintiff must adhere to the requirements of 26 U.S.C. § 7422(a), which states that 'no such suit shall be maintained in any court . . . until a claim for refund or credit has been duly filed with the Secretary.'" (quoting 26 U.S.C. § 7422(a))), aff'd, 345 F. App'x 586 (Fed. Cir. 2009). cert. denied, 559 U.S. 1101 (2010); Buser v. United States, 85 Fed. Cl. 248, 256 (2009).

Moreover, for a refund claim, the court only may hear claims for which the petitioning taxpayer has fulfilled all of his or her tax liabilities for the tax year in question before the refund claim is heard. Flora v. United States, 357 U.S. 63, 72-73 (1958) (Flora I), aff'd on reh'g, 362 U.S. 145 (Flora II), reh'g denied, 362 U.S. 972 (1960). In Flora II, the United States Supreme Court stated that 28 U.S.C. § 1346(a)(1) requires "payment of the full tax before suit." Flora II, 362 U.S. 145, 150, reh'g denied, 362 U.S. 972 (1960); see also Ledford v. United States, 297 F.3d 1378, 1382 (Fed. Cir. 2002) (affirming United States Court of Federal Claim's dismissal of pro se plaintiff's tax refund suit for lack of subject matter jurisdiction when plaintiff did not allege that he had paid his taxes for the years in which he sought a tax refund and when plaintiff's tax returns submitted to the court also showed that plaintiff did not pay any taxes for those years); Shore v. United States, 9 F.3d 1524, 1526 (Fed. Cir. 1993) ("The full payment requirement of Section 1346(a)(1) and Flora applies equally to tax refund suits brought in the Court of Federal Claims . . . ." (citing Tonasket v. United States, 218 Ct. Cl. 709, 711-12, 590 F.2d 343 (1978))); Simmons v. United States, 127 Fed. Cl. 153, 159 (2016) (dismissing tax refund claims for lack of jurisdiction when the plaintiff failed "to allege, much less demonstrate, that he has fully paid his outstanding tax liabilities" for the tax years at issue); Artuso v. United States, 80 Fed. Cl. 336, 338 (2008).

---

manner wrongfully collected, until a claim for refund or credit has been duly filed with the Secretary, according to the provisions of law in that regard, and the regulations of the Secretary established in pursuance thereof.

26 U.S.C. § 7422(a); see also Cooper v. United States, 123 Fed. Cl. 226, 232 (2015) (holding that, because plaintiff's tax forms did not comply with the requirements of 26 U.S.C. § 7422, the returns could not constitute duly filed refund claims). If a plaintiff does file an administrative claim for refund or credit, the plaintiff must wait six months from the date of filing the administrative claim, or until the IRS renders a decision on the claim, before filing suit in the United States Court of Federal Claims. See 26 U.S.C. § 6532(a)(1) (2018).

Plaintiff appears to base his complaint in this court on a tax refund claim for the 1998 tax year, submitted to the IRS on May 22, 2017, and which the IRS subsequently denied on August 22, 2017. The IRS' transcript for the 1998 tax year reveals the earliest received filing for 1998 tax year is an amended return dated February 22, 2009. The letter in plaintiff's filing that purports to be from his spouse, dated states plaintiff's claim is "timely," however, it is only signed by plaintiff. As explained above, plaintiff submitted the December 22, 1999 IRS letter stating a 1040X for the 1998 tax year was adjusted under Dolores Ellis' social security number, but plaintiff has not provided this court with the Forms 1040X to which the letter refers. As further explained above, plaintiff also filed with this court two Forms 1040X that do not have a date on them, and plaintiff has indicated that he "will not guarantee" the two Forms 1040X are correct.

This court's jurisdiction also is limited by the statute of limitations contained in 26 U.S.C. § 6511(a).[9] See United States v. Dalm, 494 U.S. 609-10. Even if the amended return for 1998 tax year, filed in 2009, was the basis for a valid claim, the statute of limitations for plaintiff's claim expired under 26 U.S.C. § 6511(a) in 2012. Also, because plaintiff's amended tax return for the 1998 tax year was not submitted to the IRS within the applicable statute of limitations time period under 26 U.S.C § 6511, his complaint does not meet the jurisdictional requirements of this court. Plaintiff's claim, therefore, must be dismissed for lack of subject matter jurisdiction. Plaintiff's application to proceed in forma pauperis is moot as the court lacks subject matter jurisdiction over plaintiff's complaint.

## CONCLUSION

Because this court does not have subject matter jurisdiction over plaintiff's alleged claims, defendant's motion to dismiss under RCFC 12(b)(1) is **GRANTED**, and plaintiff's complaint is **DISMISSED**. The Clerk of the Court shall enter **JUDGMENT** consistent with this Opinion.

**IT IS SO ORDERED.**

*[signature]*
**MARIAN BLANK HORN**
**Judge**

---

[9] The statute at 26 U.S.C. § 6511(a) states that with regards to the period of limitation on filing a claim that a

> [c]laim for credit or refund of an overpayment of any tax imposed by this title in respect of which tax the taxpayer is required to file a return shall be filed by the taxpayer within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later, or if no return was filed by the taxpayer, within 2 years from the time the tax was paid. Claim for credit or refund of an overpayment of any tax imposed by this title which is required to be paid by means of a stamp shall be filed by the taxpayer within 3 years from the time the tax was paid.

26 U.S.C. § 6511(a).